[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
These seven cases, consolidated here for disposition, are appeals from decisions of the Tiverton Zoning Board of Review. The captioned plaintiffs are individuals in some cases and joint plaintiffs in others. All of the litigation arises from the filing in 1901 of the Stafford Heights subdivision plan, which consisted of several hundred lots, each 35 feet by 65 feet, a total of 2,275 square feet in each. Plaintiffs acquired their lots by tax titles. Present zoning requires lots of 30,000 square feet minimum. Before the Court are the certified records in the several cases, transcripts of many hearings, and memoranda of counsel.
Addressing first NC890407, where James P. Amarantes is plaintiff, he applied for a building permit to build a "summer cabin" on lot #595 of the old plat. The inspector gave as reasons for denial that no septic system has been approved, that the lot was not on an accepted road, and that it was too small for separate septic system and a well. By the time the zoning board heard the appeal, plaintiff had provided for a septic system on certain adjoining lots, also owned by him. Characterizing such as an "accessory use", the board denied his appeal because that use, under the code, must be located on the premises to which it applies.
The Court discerns no error in the decision, denies plaintiffs' appeal, and affirms the board's ruling. The clerk will forthwith enter judgment for defendants for costs.
In all the other cases, certain consolidations of the postage-stamp sized lots were proposed by the plaintiffs, the largest of which was then 13,650 square feet, far less than today's code requires. The building inspector, affirmed by the board, treated these consolidations as "re-subdivisions" and applied the subdivision law to his ruling. The statute G.L. 1956§ 45-23-1 as amended defines the word "subdivision" and provides that division of a lot, tract or parcel is not subject to the statute if each resulting lot meets several conditions, among which is "(b) Frontage on an existing street which has been dedicated to the public and accepted by the city or town having jurisdiction . . ." None of the proposed combinations of lots meets that requirement. But, in applying the subdivision statute here, the building inspector and the board were clearly wrong. See McKendall et al v. Town of Barrington, et al, 571 A.2d 565
(R.I. 1990)[1]. There, plaintiffs owned undersized platted lots, which preexisted zoning regulations and were all substandard under the ordinance. The building inspector refused to issue permits because of their failure to combine substandard lots as the ordinance required. Plaintiffs argued the merger provision in effect created a new subdivision, and therefore was governed by the subdivision statute. The Court held the zoning regulation at issue did not require plaintiffs to divide their property but that combining substandard lots "involves the concept known as merger, which is a valid zoning mechanismgoverned by the provisions of chapter 24, oftitle 45." (Underlining supplied.) Whether lots are combined voluntarily by the owners as here, or by operation of law, is beside the point; merger is merger. In each of the cases where the decision appealed from was based upon application of the subdivision statute, the decision should be and hereby is reversed.
In NC890210, NC890309, NC890310 and NC890311, plaintiffs also applied to the board for regulatory variance, having submitted plans for house construction which carried DEM approval for septic systems. Each application was denied, but those decisions were infected by the erroneous consideration of the inapplicable subdivision statute. In order to avoid complexity, and keep future board work to a minimum, the Court declares that each of the four proposed lots is buildable, subject to obtaining variance for dimensional requirements.[2] The four cases are remanded; in reconsidering them the board will address the sole issue in each, i.e. eligibility for a variance for dimensional requirements on an otherwise buildable lot. Transcripts now at the courthouse will be made available should they wish to review relevant sections.
Final disposition of the variance issue will, if denied, render moot the permit question. If granted, the final disposition should order issuance of building permits.
In NC890436, plaintiffs Hartnett appealed to the board the building inspector's denial of building permits going to the same merged lots as in NC890309, NC890310 and NC890311, Variances were also sought. The board denied those appeals on the grounds they were repetitive and the Court cannot fault the board here. The plaintiffs' appeal is denied and the decision appealed from is affirmed. And, final disposition of the cases, supra, will render this one moot. The clerk will forthwith enter judgment for defendants for costs.
In NC890495[3] the Hartnetts' appealed to the zoning board the refusal of the planning board to stamp the proposed plans "approval not required"; the properties involved were the same merged lots as those in NC890309, NC890310 and NC890311. The board upheld the planning board's decision, considering the matter as within the subdivision statute. This, of course, was error. The plaintiffs' appeal is sustained, the decision appealed from is reversed, but judgment will not now enter because the variance question, supra, will encompass a disposition here.
Finally, defendants estoppel argument is without merit. Remand as ordered.
[1] The cases here were decided before the cited case came down, but they are within its holding.
[2] The Court notes that at the hearing of September 27, 1989 (p. 43-44) one board member said "We should uphold the Planning Board's decision for stamp approval not required. I would like my feelings stated, if this does go to the court, this whole thing, it would become gravely detrimental to the picture that we have a mess down there. This is just the key to the door that they keep trying to open." The Court understands his concern. But neither the board nor the Court can legislate what is needed here.
[3] Count I of the complaint here erroneously refers to block 153, cards 5, 6, 7, 8 and 9. Those are the cards on block 155, in NC890311, but the error here is of no consequence.